HAMMOND *v.* ECKHARDT *et al.*

(*Common Pleas of New York City and County, General Term.* April 7, 1890.)

LANDLORD AND TENANT—HOLDING OVER—PROVINCE OF JURY.

In an action for rent for the year commencing May 1, 1889, on the ground that there was a holding over after that date, it was shown by defendant's testimony that all machinery had been taken from the premises before that date, and that that and the preceding days were legal holidays, and that on the 2d of May, by reason of a civic procession, defendant was unable to cross the street with the trucks, but that at that time there only remained some broken boards upon the premises. *Held,* that whether there was a holding over was a question for the jury, and it was error to enter judgment for plaintiff.

Appeal from third district court.

Action by Milton E. Hammond against Martin Eckhardt and others. Judgment was directed for plaintiff. Defendants appeal.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*A. R. Kling,* for appellant. *G. R. Carrington,* for respondent.

LARREMORE, C. J. This was an action brought by the plaintiff to recover rent for the month of July, 1889, for premises Nos. 148 and 150 Bank street, in the city of New York. The evidence shows that the defendants entered the premises in the year 1888, under a written lease which expired May 1, 1889, at an annual rent of $1,800. The plaintiff seeks to recover rent for the year commencing the 1st of May, 1889, on the ground that there was a holding over, which made defendants liable for the rent since the 1st of May. The answer was a general denial. Upon the trial judgment was directed for the plaintiff for the July rent.

The main question in dispute was as to the surrender and acceptance of the premises. This question was one of fact, and should have been submitted to the jury. It is shown by defendants' testimony that all machinery had been taken from the premises before the 1st of May, 1889, and that the 30th of April and the 1st of May were legal holidays, and that on the 2d of May, by reason of the civic procession, they were unable to cross Broadway with their trucks, but that at that time there only remained some broken boards upon the premises in question. The following questions were put to the landlord: "*Question.* Did you not know that they moved out all the machinery they had in your building in the month of April? *Answer.* No. *Q.* Did you not see them moving it out of your building in April? *A.* I think they did." The tenant, after the termination of the lease, had still the right to enter upon the premises, within a reasonable time, for the purpose of removing his goods and utensils, which he may do if he does not exclude the landlord. The judge admitted evidence to show that after the 1st of May the engineer of the building had a conversation with one of the defendants' employes, in reference to fur-

nishing steam; but it does not appear that such employe had authority to bind the defendants, or that they ratified his action. Whether or not there was a holding over was clearly a question for the jury, upon the evidence; and it was error to order judgment for the plaintiff. The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.